UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HUNG PHAN,**

      Plaintiff,

**v.**                                                  CASE No: **8:06-cv-01818-T-17-TGW**

**THE CITY OF ST. PETERSBURG,
FLORIDA, a Florida Incorporated
Municipality,**

      Defendant.
_____/

## ORDER ON MOTION TO DISMISS

This cause comes before the Court on Defendant's, City of St. Petersburg, Florida, Motion to Dismiss for Failure to State a Claim (Dkt. 3), filed on October 4, 2006, Defendant's Motion for More Definite Statement (Dkt. 4), filed on October 4, 2006, Defendant's Memorandum of Law in Support of its Motion for More Definite Statement (Dkt. 6), filed on October 9, 2006, Defendant's Memorandum of Law in Support of its Motion to Dismiss (Dkt. 7), filed on October 10, 2006, and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Motion for a More Definite Statement with Incorporated Memorandum of Law (Dkt. 22), filed on December 22, 2006. For the reasons set forth below, Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED in part and GRANTED in part** and Defendant's Motion for More Definite Statement is thereby made moot.

## BACKGROUND

The following facts are accepted as true for the purpose of resolving the pending motions only. Plaintiff, Hung Phan ("Plaintiff"), filed a four (4) count Complaint on October 4, 2006, alleging that Defendant, City of St. Petersburg ("Defendant"), violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42

1

U.S.C. Sections 1983, 1985, and 1988. (Dkt. 2). Plaintiff also alleges municipal liability for Florida state law claims for assault and battery and false arrest/imprisonment pursuant to Fla. Stat. § 798.28(9)(a).

On September 1, 2002, at approximately 2:00 a.m., Plaintiff was walking on the sidewalk on Third Avenue in St. Petersburg, Florida. He was returning home after purchasing cigarettes at a nearby Chevron gasoline station. Plaintiff noticed that a St. Petersburg Police Department police car had passed him and then made a sudden u-turn as if to follow the Plaintiff, as he was the only person on the street. Plaintiff became alarmed and ran. As Plaintiff was running toward his home, he noticed more police officers in the vicinity who appeared to be chasing him. He stopped at a stairwell of an apartment complex where a friend lived to sit down and rest and evaluate his situation.

A police dog, which had been released by the City's police officers, Steven C. Magnon and James R. Olson, then appeared. The dog viciously and repeatedly bit Plaintiff on his left leg and pulled him down the stairwell. Plaintiff begged the police officers to call off the dog, but the officers refused. The dog bit up Plaintiff's leg, up to Plaintiff's groin area, where the dog locked down on the Plaintiff for several minutes before the officer ordered the dog to release Plaintiff.

Plaintiff was then detained until a witness informed the officer that the Plaintiff was not the person the police had been searching for, which Plaintiff alleges police officers knew before releasing the canine on the Plaintiff. The officers nonetheless arrested Plaintiff and detained him in the back of a patrol car for two hours prior to taking Plaintiff to Edward White Hospital for medical treatment. The police officers then charged Plaintiff with loitering and prowling. Those charges were ultimately dismissed in criminal court.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002) (citing *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505, 506 (5th Cir. 1971); accord *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed. 80, 84 (1957). When a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will

ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  A trial court is required to view the complaint in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 104 S. Ct. 2229, 81 L. Ed. 2d 59, 104 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).   The United States Supreme Court has stated that all allegations in a complaint must be accepted as true when a court evaluates whether a complaint has presented sufficient facts to overcome a motion of dismissal. *Hishon v. King & Spalding*, 467 U.S. 69 (1984).  In evaluating a motion to dismiss on its merits, courts must limit their consideration to the pleadings and attached exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  However, when on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1156 (11th Cir. 1991).  "Where a more carefully drafted complaint might state a claim, a Plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v. Pitt*, 928 F. 2d 1108, 1112 (11th Cir. 1991).

## **DISCUSSION**

Defendant seeks to dismiss all four (4) counts in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. 3). Defendant alternatively files its motion as a Motion for Summary Judgment.  The Court will not entertain the Motion for Summary Judgment as the parties have not had the opportunity for discovery and such motion is, therefore, improper and premature.  As stated in *Celotex Corp. v. Catrett,* "the plain language of the Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery**..." 477 U.S. 317, 322 (1986).  As such, the affidavits submitted by defendant with their Motion for Summary Judgment will not be considered in the forming of this opinion, and the Motion for Dismiss will be decided on the four (4) corners of the Plaintiff's Complaint.

**I. § 1983 Claims**

**A. Count I**

Defendant, City of St. Petersburg, asserts that Plaintiff alleges insufficient facts in support of Count I, a claim for violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.  Defendant's argument relies primarily on the assertion that there is a "heightened pleading requirement" in civil rights cases. (Dkt. # 7, p. 5).  Defendant's reliance on a heightened pleading requirement is misguided.  The United States Supreme Court has specifically held that a court may not impose a heightened pleading requirement for civil rights cases against a municipality.[1] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).  Thus, pursuant to Fed. R. Civ. Pro. 8(a)(2), the Plaintiff is only required to include in his complaint a "short and plain statement of his claim." *Id.*

The relevant language of 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978), the United States Supreme Court concluded that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."  The Court further specified that "a municipality can be liable under § 1983 only where its policies are

---

[1] Defendant relies on *Gonzales v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) in which the Supreme Court asserted that "[I]n examining the factual allegations in a complaint, we must keep in mind the heightened pleading requirements for civil rights cases...[M]ore than mere conclusory notice pleading is required."  However, this principle does not apply to § 1983 suits against municipalities. In *Leatherman*, the Supreme Court unanimously reversed the Fifth Circuit Court of Appeals for imposing a heightened pleading standard in § 1983 suits against municipalities. 507 U.S. at 168.  The Court found it "impossible to square the 'heightened pleading standard' applied by the Fifth Circuit . . .with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.*  The Court restated Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id. See also*, *Jones v. Bock*, 127 S.Ct. 910, 919 (2007) (reiterating that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns.")

the 'moving force' behind the constitutional violation." *Id.* at 694.  However, it is well established that municipal liability under § 1983 is limited to those that are caused by the government's policymaking, and the plaintiff must identify a municipal "policy" or "custom" that caused the injury.  *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1982).  As such, municipal liability under § 1983 may not rely simply on the basis of respondeat superior. *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479 (11th Cir. 1991).

To impose § 1983 liability on a municipality, the Plaintiff must allege: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).  Defendant argues that Plaintiff has failed to allege these elements.  Specifically, Defendant maintains that Plaintiff's claim should be dismissed because he fails to allege "any policy or custom attributable to the municipality which caused a constitutional violation." (Dkt. 7, p. 7).  The Defendant also argues that Plaintiff fails to provide a factual link between the City's alleged policies or customs and the alleged constitutional violations.  This Court disagrees.

In Count I of his Complaint, Plaintiff clearly alleges: (1) that a constitutional right, specifically his Fourth Amendment right against the use of excessive force by law enforcement officers, has been violated; (2) that the City of St. Petersburg "developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of St. Petersburg"; and (3) that such policies were "the cause of the violations of Plaintiff's rights." (Dkt. 2, ¶¶25-30).

The Plaintiff identifies several customs or policies that caused a violation of his civil rights by the City.  Plaintiff alleges that it was the City's policy or custom to "inadequately and improperly investigate citizen complaints of police misconduct" and to "inadequately supervise and train its police officers." *Id.* at ¶¶ 27-28.  As stated in *Canton*, 489 U.S. at 388, "inadequacy of police training [and other deliberate choices to follow a particular course of action] may serve as the basis for § 1983 liability only where the [choice or] failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *See also Pembaur*, 475 U.S. at 483-84.  As explained above, all that is required of Plaintiff is a "short and plain

5

statement" of his claim; Plaintiff has properly alleged the City of St. Petersburg acted with deliberate indifference as to the training, supervision, or monitoring of its officers. Plaintiff, therefore, has met the *Canton* requirement necessary to allege a violation of 42 U.S.C. § 1983 on grounds of insufficient training, supervision, or monitoring.

Defendant additionally asserts that Plaintiff fails to provide a factual link between the customs or policies of the City and the constitutional violation. There is no requirement that the Plaintiff do so. Defendant relies on *Davis ex rel. Doe v. Dekalb County School Dist.*, 233 F.3d 1367, 1375-76 (11th Cir. 2000), which states that a plaintiff must show that municipal action was taken with "the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Importantly, the *Davis* case was decided on a motion for summary judgment. Before this Court is a motion to dismiss. As such, this Court is not required to evaluate whether the evidence demonstrates that there is no issue of material fact to support the claim, but rather, *whether the Plaintiff has properly stated his claim at all*. The Court thus looks only to the allegations in Plaintiff's Complaint.

The Plaintiff alleges that there is a causal link when he claims that the violations of his civil rights were *a result of* the policies and customs of the Defendant. Again, pursuant to *Leatherman*, 507 U.S. 163, and Fed. R. Civ. Pro. 8(2)(a), all that is required of Plaintiff is a "short and plain statement" of his claim. Further, the Plaintiff must be allowed to conduct discovery to investigate these issues and will then be responsible for demonstrating a causal link between the alleged policies and customs of Defendant and the alleged constitutional violations. The Court finds that the Plaintiff has satisfied this requirement with regard to Count I of his claim regarding § 1983 violations, and denies Defendant's Motion to Dismiss with respect to that claim.

### B. Count II

Defendant asserts that Count II of Plaintiff's Complaint is either redundant or is an improper attempt "to predicate municipal liability under § 1983 upon the actions of its employees under the principle of *respondeat superior*." (Dkt. 3, ¶3). In Count II of the Complaint, Plaintiff states only that "Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant, the City, for the acts of Officers Steven C. Magnon and James R. Olson for violation of his constitutional rights under color law." (Dkt. 2, p.5). The

Court agrees with Defendant in that it appears that Plaintiff is attempting to predicate § 1983 liability against the municipality under the principle of *respondeat superior*. Defendant is correct that "respondeat superior or vicarious liability will not attach under § 1983." *Canton*, 489 U.S. at 378. As stated above, "it is only when the 'execution of the government's policy or custom...inflicts the injury' that the municipality may be held liable under § 1983." *Id.* (citing to *Monell*, 436 U.S. at 698.). The Court therefore grants Defendant's Motion to Dismiss Count II of Plaintiff's Complaint with prejudice.

### II.  Assault and Battery Claim - Count III

Defendant argues that Count III of Plaintiff's Complaint is insufficient to state a claim for Florida state law assault and battery. Florida Statute § 768.28 sets forth the limited occasions when the state's sovereign immunity will be waived.[2] A municipality can be held liable for an intentional tort committed by an employee, provided that the action at issue was within the scope of the employee's employment, and the conduct did not involve bad faith, malicious purpose, or a wanton and willful disregard of human rights, safety, or property. *See Duyser v. School Bd.*, 573 So.2d 130 (Fla. 4th D.C.A. 1991).

The Defendant challenges the battery and assault claim on three levels. First, Defendant argues that "an assault and battery cannot be premised upon an omission or failure to act or upon simple negligence." (Dkt. 7, p. 8). However, Plaintiff specifically claims that the officers "assaulted and battered Plaintiff by improperly releasing a canine unit upon Plaintiff without cause." (Dkt. 2, ¶34). While there is a presumption of good faith attached to an officer's using of force in making a lawful arrest, including the release of a canine unit, an officer may be liable where the force used is excessive. *See City of Miami v.* Sanders, 672 So. 2d 46, 47 (Fla. 3d D.C.A. 1996) (citing *Jennings v. City of Winter Park*, 250 So.2d 900 (Fla. 4th D.C.A. 1971); *U.S. Dep't of State v. Ray* , 502 US 164, 179 (1991) (finding that there is a presumption of

---

[2]Fla. Stat. § 768.28(9)(a) states in relevant part:
"The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment *or* committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property."

legitimacy for official conduct).  Further, if such excessive force is used in an arrest, it is transformed into a battery. *Id.* (citing *Mazzilli v. Doud*, 485 So.2d. 477, 481 (Fla. 3d D.C.A.) (Schwartz, C.J., specially concurring in part), *rev. dismissed*, 492 So.2d 1333 (Fla. 1986)).  Thus, the Court finds that Plaintiff has sufficiently alleged within his Complaint that the police officers' actions constituted assault and battery.

Second, Defendant further argues that the Defendant is not liable under state law for malicious, willful or wanton acts alleged in the Complaint, and therefore, the City is immune from the assault and battery claim.  Defendant asks the Court to infer from the facts in Plaintiff's Complaint that Plaintiff alleges "bad faith" and "malicious purpose" when he states that the officers acted intentionally.  The Court disagrees with Defendant.  It is true that a municipality may not be liable under Florida law for the malicious, willful or wanton acts of its employees. *See* Fla. Stat. § 768.28(9)(a).  However, the mere allegation of an intentional tort does not automatically trigger this municipal immunity. *See Richardson v. City of Pompano Beach*, 511 So. 2d 1121, 1122 (Fla. 4th D.C.A. 1987) (stating that the exception for actions taken in bad faith or with malicious purpose "connotes conduct much more reprehensible and unacceptable than mere intentional conduct.").  Nowhere in his Complaint does Plaintiff allege that the police officers acted in "bad faith," or "with malicious purpose" or in a manner "exhibiting wanton and willful disregard of human rights, safety or property." *See* Fla. Stat. § 768.28(9)(a).  Further, it has been found that Fla. Stat. § 768.28(9)(a) does not prohibit vicarious liability for assault and battery. *See Brisk v. City of Miami Beach, Fla.*, 709 F.Supp. 1146 (S.D. Fla. 1989).

Third, Defendant challenges Plaintiff's assault and battery claim by pointing out that Plaintiff does not allege that the officers committed this assault and battery while they were in the "scope of employment" as required by Fla. Stat. § 768.28(9)(a).  In his response to Defendant's motion, Plaintiff asserts that a "scope of employment" allegation may be inferred from the facts presented by Plaintiff in his Complaint.  Specifically, the Plaintiff's Complaint alleges that the police officers used excessive force during the course of their pursuit and ultimate arrest of the Plaintiff. (Dkt. 2).  The Florida Supreme Court has found that an officer who uses excessive force during the course of an arrest is acting while in the scope of his or her employment as a law enforcement officer. *See McGhee v. Volusia County,* 679 So.2d 729 (Fla.1996) (Police officer who grabbed an arrestee by the throat and kicked him acted within the

8

scope of his employment). This Court finds Plaintiff's argument persuasive, and reminds Defendant that there is not a heightened pleading requirement for allegations of assault and battery. As such, the Court denies Defendant's Motion as to Count III.

### III.  False Arrest and False Imprisonment - Count IV

Plaintiff's Complaint alleges that the police officers falsely arrested/falsely imprisoned Plaintiff. "False imprisonment is the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." *See Johnson v. Weiner*, 155 Fla. 169, 171, (Fla. 1944). Plaintiff alleges that he was detained by the police officers "without cause" and that the police officers knew he was "not the person police had been searching for." (Dkt. 2, ¶¶18, 34). Plaintiff also alleged that he was arrested and detained in the back of patrol car for two hours, and charged with "loitering and prowling." *Id*. at ¶19. These charges were ultimately dismissed in criminal court. Plaintiff has sufficiently alleged within his Complaint that the police officer's actions constituted false imprisonment to survive a motion to dismiss.

### IV. § 1985 Claim

Defendant asserts that while Plaintiff's Complaint invokes jurisdiction of the court "pursuant to 42 U.S.C. §§ 1983, 1985, and 1988," there are no allegations within the Complaint of any conspiracy to violate the Plaintiff's civil rights sufficient to support a claim under § 1985. Plaintiff argues in his Response to Defendant's Motion that he has sufficiently alleged that the two officers conspired in his unlawful detention, use of excessive force, and in their "joint contemplation in what to charge the plaintiff with to 'cover' their use of excessive force." (Dkt. 22, p. 18).

> The elements of a cause of action under § 1985(3) are as follows:
>
> (1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). *See also United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO, et al. v. Scott*, 462 U.S. 822 (1983).

9

"The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102.  In order to establish the existence of a conspiracy under 42 U.S.C. § 1985(3), the Plaintiff must, therefore, allege that he suffered a from a conspiracy to violate his civil rights that was motivated by racial or other class-based animus.  *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir. 1992). Defendant correctly asserts that Plaintiff fails to identify any conspiracy to violate his civil rights; fails to allege that he is a member of a protected class; and fails to allege any invidious discriminatory intent on the part of the Defendant.  While Plaintiff in his response urges the Court to consider a § 1985 claim, the Complaint itself does not include any counts or facts that refer to or support any such claim.  As such, Defendant's Motion to Dismiss any § 1985 claim is granted with leave to amend.  Accordingly, it is

**ORDERED** that Defendant's Motion for to Dismiss (Dkt. 3 ) be DENIED as to Counts I, III, and IV, and GRANTED as to Count II, with prejudice, and any § 1985 claim, without prejudice.  Plaintiff shall have leave to file an amended pleading within ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 25th day of April 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record